UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JACK CHARLEBOIS,

    Plaintiff,                            CIVIL ACTION NO. 07-12551

    v.                                  DISTRICT JUDGE ANNA DIGGS TAYLOR
                                      MAGISTRATE JUDGE DONALD A. SCHEER

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

RECOMMENDATION: Defendant's Motion for Summary Judgment should be GRANTED, and the instant Complaint DISMISSED, as there was substantial evidence on the record supporting the Commissioner's decision that the claimant was not without fault in creating an overpayment of disability benefits.

\*   \*   \*

Plaintiff filed an application for Social Security Disability Insurance Benefits (DIB) on July 7, 2000, alleging that he had been disabled and unable to work since July 1999, due to a right shoulder injury and post-traumatic depression. In May 2002, following a requested de novo hearing, Administrative Law Judge (ALJ) Mary Connolly found that Plaintiff was entitled to disability benefits from July 20, 1999 (TR 173-174). Since Plaintiff suffered his right shoulder injury while at work, he was awarded retroactive reinstatement of workers' compensation benefits on April 1, 2002. Those benefits had been previously terminated in 1999 (TR 174).

The Social Security Administration (SSA) notified Mr. Charlebois in December 2003, that he had received an overpayment of disability benefits in the amount of $48,464.00 from January 2000 through October 2003. The notice informed Plaintiff that the

overpayment resulted when workers' compensation benefits had not been offset against his receipt of Social Security disability benefits.

Plaintiff's request for a waiver of the overpayment was denied by the SSA in April 2004, on the grounds that his monthly income exceeded his ordinary and necessary expenses (TR 61). A requested de novo hearing was held on September 28, 2006, before Administrative Law Judge (ALJ) Lubomyr M. Jachnycky, who subsequently found that the claimant was not entitled to a waiver of the overpayment because a review of his financial situation indicated that recovery of the overpayment would not defeat the purpose of Title II of the Social Security Act (TR 21-22).

After reviewing new and material evidence submitted by Plaintiff, the Appeals Council found that Plaintiff had not been without fault in creating the overpayment of disability benefits from January 2000 through October 2003. Since Mr. Charlebois was found to be at fault for the overpayment, the Council declared that repayment could not be waived regardless of his financial circumstances (TR 7-9).

Plaintiff commenced the instant action for judicial review of the refusal to waive the overpayment. Defendant (only) has filed a Motion for Summary Judgment and the issue for review is whether the Commissioner's refusal to waive the overpayment was supported by substantial evidence on the record.

APPLICABLE LAW

An overpayment occurs when a benefits recipient receives an amount in excess of the amount due. 20 C.F.R. § 404.501(a) (2007). The Social Security Act requires the Commissioner to recover any overpayment. 42 U.S.C. § 404(b); see also 20 C.F.R. § 404.502 (2007). Recovery of an overpayment is waived for any person who is without fault

if such adjustment or recovery would defeat the purpose of the Act or would be against equity and good conscience. 42 U.S.C. § 404(b). Fault by the Commissioner does not relieve an overpayment recipient from proving that he was without fault. 20 C.F.R. § 404.507 (2007). An overpayment recipient has the burden to prove that recovery should be waived. Pliley v. Sullivan, 892 F.2d 35, 39 (1989).

DISCUSSION AND ANALYSIS

The Appeals Council reasonably determined that Mr. Charlebois was not without fault in causing the overpayment because he did not take action to report the reinstatement of his workers' compensation benefits in a timely manner. Plaintiff was awarded retroactive reinstatement of workers' compensation benefits on April 1, 2002. This award was made prior to the ALJ's determination, on May 24, 2002, that Plaintiff was entitled to disability benefits retroactive to July 1999.

Mr. Charlebois argued before the Appeals Council that he had informed the ALJ at the administrative hearing that a workers' compensation claim had recently been decided in his favor (TR 8). As the Appeals Council pointed out, ALJ Connolly specifically stated in her May 24, 2002, decision that the status of the workers compensation "claim and amount of benefits currently being paid is uncertain" (TR 8). This should have put the claimant on notice that the SSA did not have sufficient information about his recent award of workers' compensation benefits to calculate an offset of his Social Security disability benefits.

Plaintiff has failed to demonstrate that he reported the award of his workers' compensation benefits at any time prior to its effectuation in sufficient detail so as to prevent the overpayment. Moreover, there is no evidence to suggest that Mr. Charlebois

3

was incapable of furnishing the necessary information about the resumption of his workers' compensation payments to the SSA in a timely manner. At the hearing before the ALJ in September 2006, Plaintiff acknowledged that he knew this information was supposed to be reported to the SSA (TR 193). Substantial evidence existed on the record supporting the Commissioner's decision not to grant a waiver since the claimant was not without fault in creating an overpayment of disability benefits. Accordingly, Defendant's Motion for Summary Judgment should be granted and the instant Complaint dismissed.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987), Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991). Pursuant to Rule 72.1 (d)(2) of the Local Rules of the United States District Court for the Eastern District of Michigan, a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                                  s/Donald A. Scheer
                                                  DONALD A. SCHEER
                                                  UNITED STATES MAGISTRATE JUDGE

DATED: November 19, 2007

**CERTIFICATE OF SERVICE**

I hereby certify on November 19, 2007 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on November 19, 2007. **Jack Charlebois.**

s/Michael E. Lang
Deputy Clerk to
Magistrate Judge Donald A. Scheer
(313) 234-5217
